UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Malachi Buswell,

      Petitioner,

      v.

Vermont Department of Corrections and
Interim Commissioner Jon Murad,

      Respondents.

Civil Action No. 2:25–cv–677

**REPORT AND RECOMMENDATION**
(Docs. 4, 8, 10, 11, 15, 16, 18, 20, 21, 25, 30, 31, 35)

Petitioner Malachi Buswell, currently incarcerated and proceeding *pro se*, filed a Petition

under 28 U.S.C. § 2254 challenging the calculation of time-served credit toward the sentence of

incarceration he is currently serving. (Doc. 4.) Petitioner was initially arrested and detained in

Indiana on a felony theft charge. (Doc. 4-5 at 1; Doc. 31-5.) While Petitioner was detained in

Indiana, an arrest warrant issued for him in Vermont related to charges of aggravated assault

with a deadly weapon and attempted murder. (31-7 at 2–3.) Petitioner remained in custody in

Indiana after sentencing awaiting transfer to Vermont for arraignment. (*See* Doc. 31-5.) After his

transfer to Vermont, Petitioner was convicted of aggravated assault with a deadly weapon and

sentenced to 4 years, 40 days to 4 years, 340 days, to run consecutively to a 6-month sentence for

contempt, with credit for time served. (Doc. 31-9.) In this § 2254 case, Petitioner appears to

assert that he is being held past his maximum release date because he is owed additional credit

for time in custody. (*See* Doc. 4 at 15.)

1

Respondents Vermont DOC and DOC Commissioner Jon Murad[1] request dismissal of the Petition because Petitioner did not exhaust state law remedies. (Doc. 31.) Petitioner filed a reply to Respondents' Motion to Dismiss. (Doc. 32.)

During the pendency of the § 2254 Petition, Petitioner also filed several additional motions seeking to "clarify" (Doc. 11), moving for default judgment (Docs. 8, 15), moving for extraordinary relief (Docs. 10, 16, 30, 35), requesting a timely hearing (Doc. 18), disputing evidence (Doc. 20), and challenging "outdated caselaw." (Docs. 21, 25.)

For the reasons explained below, I recommend that Respondents' Motion to Dismiss (Doc. 31) be GRANTED and the § 2254 Petition (Doc. 4) be DISMISSED. I further recommend that Petitioner's additional motions (Docs. 8, 10, 11, 15, 16, 18, 20, 21, 25, 30, 35) be DENIED.

## **Factual and Procedural Background**

### I.    **Vermont and Indiana Charges**

On September 16, 2020, Petitioner was arrested and detained in Indiana on a felony theft charge. (*See* Doc. 31-5 at 1; Doc. 4-5 at 1.) While Petitioner's felony charges were pending in Indiana, the Vermont Superior Court issued an arrest warrant for Petitioner related to charges of attempted murder and aggravated assault with a deadly weapon. (Doc. 31-7 at 3.) An arrest warrant issued on the Vermont charges on September 23, 2020.[2] (*Id.* at 2.)

---

[1] Governor Phil Scott appointed Jon Murad as DOC Commissioner following the departure of former DOC Commissioner Nicholas Deml. *See* Press Release, Office of Governor Phil Scott, Governor Phil Scott Appoints Jon Murad as Commissioner of the Department of Corrections (February 26, 2026), https://governor.vermont.gov/press-release/governor-phil-scott-appoints-jon-murad-commissioner-department-corrections. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Murad is automatically substituted as Respondent in this matter.

[2] It is unclear exactly when Petitioner was arrested on the Vermont charges. Petitioner provides documentation suggesting that he was arrested on September 21, 2020. (Doc. 4-1 at 6.) Respondents provide documentation suggesting that his arrest date was September 23, 2020. (Doc. 31-7 at 2.) In any event, it appears Petitioner was in custody on Indiana charges at the time the Vermont arrest warrant issued.

Petitioner pleaded guilty in Indiana to the theft charge on July 11, 2022. (Doc. 31-5.) The Superior Court in Indiana credited Petitioner 662[3] days for time in custody from the date of his arrest on the Indiana charges until sentencing on July 11, 2022. The court further found that "[w]ith the actual time served, Defendant has completed the executed portion of the sentence." (*Id.* at 3.) Petitioner was arraigned on the Vermont charges on September 9, 2022.[4] (Doc. 31-7 at 3–4.) Although Petitioner had completed his sentence on the Indiana theft conviction by July 11, 2022, he remained incarcerated in Indiana until he was transported to Vermont on August 4, 2022. (*See* Doc. 4-19.)

Petitioner's jury trial on the Vermont charges occurred on November 13 and 14, 2024. (Doc. 31-7 at 39–40.) The jury convicted Petitioner of aggravated assault with a deadly weapon, and found him not guilty of attempted murder. (*Id.* at 40–41.) He also received a 6-month sentence for contempt of court related to his behavior during the trial. (*See* Doc. 31-8; Doc. 4-1 at 28–33.) On January 30, 2025, Petitioner was sentenced to 4 years, 40 days to 4 years, 340 days, with credit for time served as allowed by law for the aggravated assault conviction. (Doc. 31-9.) The court ordered the aggravated assault and contempt sentences to run consecutively. (Doc. 31-7 at 47.) Petitioner does not appear to have appealed his conviction to the Vermont Supreme Court. (*See id.* at 46.)

---

[3] As Respondents correctly note, 664 days elapsed between September 16, 2020 and July 11, 2022. (Doc. 31 at 2 (citing Exhibit C).) However, Exhibit C (31-5)—Indiana's Order of Judgment of Felony Conviction and Sentencing—states that the period of time between those two dates is 662 days. (Doc. 31-5 at 3.) The reason for the discrepancy is not clear.

[4] Respondents assert that Petitioner was arraigned on September 2, 2022. (Doc. 31 at 3.) Petitioner claims that he was arraigned by remote appearance on September 28, 2020. (Doc. 4-1 at 6.) However, Petitioner's arraignment on September 28, 2020 was related to separate motor vehicle theft charges. (Doc. 4-7 at 3.) The relevant Superior Court docket sheet reflects that Petitioner was arraigned on September 9, 2022 on the aggravated assault and attempted murder charges. (Doc. 31-7 at 3–4.)

## II.    Post-Conviction Proceedings in State Court

On February 12, 2025, Petitioner filed a habeas petition with the Vermont Superior Court alleging that DOC failed to credit him for time served in Indiana from the date of his arrest on the Vermont charges until the date he was transported to Vermont—September 21, 2020 to August 4, 2022. (Doc. 4-2 at 7–9.) The Superior Court dismissed the Petition on April 17, 2025, finding that Petitioner had deliberately bypassed alternative remedies to request modification of his sentence calculation "in an attempt to obtain more expedient or favorable review in [that] forum." (Doc. 4-19 at 2.) Petitioner did not appeal the decision to the Vermont Supreme Court. *See Buswell v. Dep't. of Corr. State of Vermont*, No. 25-cv-00644 (Vt. Super. Ct. April 17, 2025).

On May 21, 2025, Petitioner filed a Rule 75 Petition alleging that his constitutional rights were violated because he was not properly credited the time he served in the aggravated assault case from his arrest on September 21, 2020 until his sentencing on January 30, 2025. (Doc. 31-4 at 1–3.) He also claimed that the State of Vermont's alleged conduct in his case amounted to "misprision"[5] and obstruction of justice. (*Id.*) On July 14, 2025, the court found that Petitioner was entitled to credit from—but not prior to—the date he completed his Indiana sentence until his arraignment in Vermont—July 11, 2022 to September 9, 2022. (Doc. 31-3.) Petitioner filed a notice of appeal in the Vermont Supreme Court on July 25, 2025. (*See* Doc. 31-10 at 1.)

On October 29, 2025, Petitioner filed a post-conviction relief (PCR) action challenging evidence presented at his trial. (Doc. 20-1 at 1–2 (Petitioner's Motion of Dispute with Evidence).) The Vermont Superior Court dismissed the action for improper venue, advising that

---

[5] Specifically, Petitioner cited state and federal criminal laws prohibiting "misprision of treason." (*See* Doc. 31-4 at 3 (citing 13 V.S.A. § 3403 and 18 U.S.C. § 2382).)

the action could be refiled in the county where his sentence was imposed. (*Id.* at 1.) The record

does not reflect that Petitioner refiled his PCR action in the appropriate court.

### III.    The § 2254 Petition

Petitioner filed his § 2254 Petition on October 7, 2025. (Doc. 4.) On the same date, the

Court granted Petitioner's Application for Leave to Proceed *in forma pauperis* and ordered that

Respondents file an Answer within 30 days. (Doc. 5.) Respondents did not file a timely answer

or other responsive pleading, or request an extension of time to file a response. On December 2,

2025, the Court ordered that a response to the Petition be filed by December 16, 2025. (Doc. 9.)

Respondents filed an Answer on December 16, 2025 and a Motion to Dismiss on February 5,

2026. (Docs. 14, 31.)

Petitioner challenges the calculation of time-served credit toward his sentence of

incarceration. (Doc. 4.) Petitioner claims he is owed 1,582 days of time-served credit. (*Id.* at 15.)

He asserts that the State of Vermont and DOC have violated state law by not crediting him time

in custody from September 21, 2020. (*Id*. at 5 (citing 13 V.S.A. § 7031(b)(1).)[6] Petitioner also

appears to assert that DOC disregarded the sentencing court's orders to credit him the time he

already served. (*See id.*) Although it is not entirely clear, he appears to assert that Vermont

committed "misprision of treason" by not remedying DOC's alleged sentence credit

miscalculation, thereby failing to act in accordance with state law and the Constitution. (*See id.*)

Petitioner also asserts that the alleged violations of his rights "must be addressed" under sections

---

[6]  State law requires that a sentenced prisoner receive "credit toward service of his or her sentence for any days spent in custody." 13 V.S.A. § 7031(b). The statute further provides that "[t]he period of credit for concurrent and consecutive sentences shall include all days served from the date of arraignment or the date of the earliest detention for the offense, whichever occurs first, and end on the date of the sentencing."

1 and 5 of the Fourteenth Amendment. (*Id.* at 7.) He further asserts, without elaboration, that DOC "refused to mail out" his direct appeal, in violation of the Eighth Amendment. (*Id.*)

Respondents request dismissal of the Petition because Petitioner has not exhausted state law remedies. (Doc. 31.) Petitioner filed an "Objection" to Respondents' Motion to Dismiss, contending that the Motion fails to comply with Court rules and contains false statements. (Doc. 32.) Petitioner also reiterates the claims raised in his Petition. (*See id.* at 3–8.) Petitioner has not replied to Respondents' argument that the Petition should be dismissed for failure to exhaust. (*See id.*)

## Legal Standards Governing Review of § 2254 Petitions

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to petitions for habeas corpus under 28 U.S.C. § 2254. As amended by AEDPA, § 2254 sets several limits on the power of a federal court to grant a writ of habeas corpus to a state prisoner. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see Jackson v. Conway*, 763 F.3d 115, 132 (2d Cir. 2014) ("A number of requirements and doctrines . . . ensure the centrality of the state courts in this arena."). Section 2254(a) permits a federal court to entertain only those applications alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." A federal court is not permitted to grant habeas relief to a state prisoner "unless it appears that the applicant has exhausted the remedies available in the courts of the State[,] or there is an absence of available State corrective process[,] or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b); *see also Cullen*, 563 U.S. at 181 ("Sections 2254(b) and (c) provide that a federal court may not grant such applications unless, with certain exceptions, the applicant has exhausted state remedies."); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued

confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."). Finally, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). As to the state court's factual findings, "the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id*.

## Analysis

### I.   Petitioner's § 2254 Petition should be dismissed because he has not exhausted state remedies.

To bring a claim under § 2254, a petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the petitioner "present his federal constitutional claims to the highest court of the state before a federal court may consider the merits of the petition." *Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir. 1991). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. "[O]ne complete round of the State's established appellate review process" may be achieved through "a full round of postconviction proceedings." *Fellows v. Baker*, Civil Action No. 2:20-cv-139-wks-jmc, 2021 WL 4200875, at *11 (D. Vt. Mar. 10, 2021) (internal quotation marks omitted), *report and recommendation adopted*, 2021 WL 4199285 (D. Vt. Sept. 15, 2021).

Petitioner's claims are unexhausted because they have not been presented to the Vermont Supreme Court either by direct appeal or by appeal of a judgment on post-conviction review. Petitioner did not directly appeal his conviction to the Vermont Supreme Court, (*see* Doc. 31-7 at 46), and he did not appeal his state habeas petition to the Vermont Supreme Court, *see Buswell*, No. 25-cv-00644. Additionally, the record does not reflect that Petitioner appealed his PCR

7

petition to the Vermont Supreme Court. Thus far, Petitioner has only appealed his Rule 75 petition to the Vermont Supreme Court and the matter remains pending. (Doc. 31-10 at 1.)

Because the state courts have not had "one full opportunity" to consider any of Petitioner's claims, the claims are unexhausted and may not be considered on habeas review at this time.[7] Therefore, the Petition should be dismissed.

## II.      Petitioner's motions for additional miscellaneous relief should be denied.

### A.  Motions for Default Judgment, Declaratory Judgment, and Extraordinary Relief

Petitioner filed a Motion for Default Judgment after Respondents did not file a timely Answer to the § 2254 Petition. (Doc. 8.) On December 2, 2025, the Court ordered that Respondents file a response to the Petition and the Motion for Default Judgment by December 16, 2025. (Doc. 9.) Respondents complied with that Order, filing an Answer and a subsequent Motion to Dismiss. (*See* Docs. 13, 14.) Petitioner subsequently filed a Motion for Declaratory Judgment, arguing that Respondents failed to answer his Petition in a timely manner. (Doc. 15.) Petitioner asserts that he is entitled to both declaratory judgment in his favor and relief under § 2254. (Docs. 8, 15.) Additionally, Petitioner has filed three Motions for Extraordinary Relief, which similarly assert that Respondents' untimely answer entitles him to default judgment. He requests forty million dollars in damages and release from prison. (Docs. 10, 16, 30, 35.)

---

[7] The Court previously advised Petitioner of the exhaustion requirement under § 2254(b)(1)(A). (Doc. 4-28.) The Court again reminds Petitioner of the constraints imposed by AEDPA, including the requirement that he exhaust state court remedies before seeking federal habeas relief.

In the event Petitioner files another § 2254 Petition, the Court reminds Respondents of the requirements of Rule 5 of the Rules Governing Section 2254 Cases. "The answer to a habeas petition is not like an answer to a civil complaint." *Ukawabutu v. Morton*, 997 F. Supp. 605, 608 (D.N.J. 1998). Rule 5 requires that the answer respond to each allegation contained in the petition and attach copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions (either on direct appeal or otherwise). *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996).

8

As an initial matter, monetary damages are not available in habeas corpus proceedings. *Kirkman v. Vermont Dep't of Corr.*, No. 1:12-CV-261-JGM, 2013 WL 2432367, at *5 (D. Vt. June 4, 2013). Furthermore, default judgment is not an appropriate remedy for Respondents' failure to file a timely response to the § 2254 Petition. "[T]he Second Circuit has made clear that a default judgment should not be granted for a habeas petitioner without a court first reaching the merits of the underlying claim." *Sylvester v. Bellizi*, No. 1:08-CV-104, 2008 WL 2783525, at *2 (D. Vt. July 15, 2008) (citing *Bermudez v. Reid*, 733 F.2d 21 (2d Cir. 1984)). "Accordingly, a default judgment cannot be entered merely on the basis of the Respondent[s'] failure to file a timely answer . . . ." *Id.*; *see also McNally v. O'Flynn*, 2010 WL 891151, at *2 (W.D.N.Y. Mar. 10, 2010) ("Even if the Court were to determine that Respondent was in default for failure to timely file his responsive pleading, relevant Second Circuit precedent precludes the Court from granting a habeas petitioner's motion for default judgment based on respondent's failure to file his answer on time.").

Accordingly, I recommend that Petitioner's Motion for Default Judgment (Doc. 8), Motion for Declaratory Judgment (Doc. 15), and Motions for Extraordinary Relief (Docs. 10, 16, 30, 35) be DENIED.

## B.    Clarification Motion

Petitioner's "Clarification Motion" asserts that he initially intended to name the State of Vermont as a separate Respondent in this case. (Doc. 11.) Petitioner's "Clarification Motion" also raises additional allegations against the State of Vermont and DOC, including violations of his right to exercise his religion, obstruction of justice, and hate crimes. (*Id.* at 3.) Petitioner requests forty million dollars in damages, and further requests that the Court grant his § 2254

Petition and Motion for Default Judgment, dismiss and expunge his criminal charges, and credit him the time he served in Indiana, as detailed above. (*Id.* at 3–4.)

Petitioner's additional claims are simply too vague and conclusory to warrant federal habeas relief. He has listed alleged violations of law with no additional detail. (Doc. 11 at 3–4.) A district court must construe a *pro se* habeas petitioner's claims liberally. *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983); *see also Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (noting courts should "construe complaints filed by pro se litigants liberally and interpret them to raise the strongest arguments that they suggest" (internal quotation marks omitted)). However, a petitioner must still "prov[e] that his constitutional rights were violated." *Whitaker v. Meachum*, 123 F.3d 714, 716 (2d Cir. 1997). "A claim that is vague or conclusory may be summarily rejected on that basis alone." *Small v. Diforilo*, No. 12CIV5583KMKJCM, 2016 WL 9737929, at *21 (S.D.N.Y. Sept. 9, 2016), *report and recommendation adopted sub nom. Small v. Chappius*, No. 12CV5583KMKJCM, 2017 WL 4342132 (S.D.N.Y. Sept. 28, 2017); *see also Dory v. Comm'r of Corr.*, 865 F.2d 44, 45 (2d Cir. 1989) (summary dismissal of habeas petition is justified where the allegations are "'vague, conclusory, or palpably incredible'") (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). Moreover, "the relief [Petitioner] seeks is limited to that which is available in a habeas corpus proceeding, namely, release from incarceration." *Kirkman*, 2013 WL 2432367, at *5. Accordingly, "[d]amages are not available in a habeas corpus proceeding." *Id.* To the extent that the Clarification Motion asserts violations related to free exercise of religion, obstruction of justice, hate crimes, or other violations, I recommend that the Motion be denied.

I further recommend that the Court deny Petitioner's "Clarification Motion" to the extent it seeks to add the State of Vermont as a Respondent. As a procedural matter, "the petition must

name as respondent the state officer who has custody" of the petitioner. Rule 2(a) of Rules Governing Section 2254 Cases. As Petitioner is currently in the custody of Vermont DOC (*see* Doc. 4 at 1), he has correctly named the DOC Commissioner as the Respondent in his Petition. (*Id.*)

Therefore, I recommend that Petitioner's "Clarification Motion" (Doc. 11) be DENIED.

### C.      Motion for Timely Hearing

Petitioner's "Motion for Timely Hearing" appears to assert that Respondents admitted in their Answer that Petitioner was being unlawfully "restrained." (*See* Doc. 18.) Respondents deny that they have admitted Petitioner's claims. (Doc. 23.) Petitioner does not specify the motion or motions for which he seeks an expedited hearing. To the extent that Petitioner may be requesting an evidentiary hearing, the law sharply limits the circumstances in which a federal court may hold an evidentiary hearing in the § 2254 context:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[,] or a factual predicate that could not have been previously discovered through the exercise of due diligence[,] and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)–(B). Petitioner has not demonstrated that an evidentiary hearing is warranted under these standards.

Therefore, I recommend that Petitioner's Motion for Timely Hearing (Doc. 18) be DENIED.

### D.        "Motion of Dispute with Evidence"

Petitioner's "Motion of Dispute with Evidence" requests that the Court "dismiss the defenses['] claim in opposition." (Doc. 20 at 1-2.) The Motion disputes Respondents' allegedly incorrect statement that Petitioner had not filed a PCR action. (Doc. 20 at 1–2.) Respondents explain in their Opposition that "[a]lthough Petitioner asserts he brought a PCR which was dismissed for improper venue, he has not provided this Court with any evidence . . . that he subsequently filed the PCR in the proper venue." (Doc. 27 at 1.)

Petitioner filed a PCR action challenging his conviction. (*See* Doc. 20-1 at 2.) However, the Superior Court (Orleans Unit) dismissed Petitioner's PCR for improper venue. (*Id.* at 1.) Petitioner has not demonstrated that he made any attempt to refile his PCR action in the proper court. Moreover, even assuming that Respondents inaccurately stated that Petitioner had not filed a PCR action, that is not a basis to dismiss Respondents' opposition filings in this matter.

Therefore, I recommend that Petitioner's Motion of Dispute with Evidence (Doc. 20) be DENIED.

### E.  Motions Challenging the Superior Court's Reliance on *State v. Coe* in Denying Credit for Time Served Prior to July 11, 2022

With respect to credit for time spent in pre-sentence custody, "[t]he period of credit for concurrent and consecutive sentences shall include all days served from the date of arraignment or the date of the earliest detention for the offense, whichever occurs first, and end on the date of the sentencing." 13 V.S.A. § 7031(b)(1). In *State v. Coe*, the Vermont Supreme Court adopted the "sole basis" rule to assess whether "a Vermont defendant [should receive] presentence credit for days spent in custody in another jurisdiction." 150 Vt. 448, 452 (1988). According to this rule, the defendant "bears the burden of establishing that the charge on which sentence is imposed was the sole basis of the custody at issue." *Id*. In other words, a defendant cannot

receive credit towards his Vermont sentence for days spent in custody in a different jurisdiction on an unrelated charge. *See id.* at 451.

Citing *Coe*'s "sole basis" rule, the Superior Court held that Petitioner was entitled to credit towards his Vermont sentence only for time spent in custody between his July 11, 2022 sentencing in Indiana and his arraignment in Vermont on September 9, 2022:

> Mr. Buswell carried his burden as it relates from the dates July 11, 2022 after he was sentenced until he was arraigned in Vermont and began receiving credit on September 9, 2022. The Court finds that this was time Mr. Buswell was incarcerated after completing his sentence in Indiana, and therefore based solely on the charges in Vermont. Mr. Buswell did not carry his burden to demonstrate that he was entitled to any additional credit for time served prior to July 11, 2022.

(Doc. 31-3.)

Petitioner appears to claim that a proper interpretation of § 7031 renders the "sole basis" rule in *Coe* unconstitutional. (*See* Docs. 21, 25.) In his view, the Superior Court's application of *Coe* to his request for sentence credit amounts to a violation of the Eighth Amendment, obstruction of justice, misprision, and treason. (*See* Doc. 21 at 5; Doc. 25 at 7–8.) Petitioner asserts that he is entitled to credit for time served from the date the Vermont arrest warrant issued on or about September 21, 2020—even though he was in custody in Indiana on unrelated charges from that time until sentencing on July 11, 2022. (Doc. 21 at 2–4.)

The Court discerns no error—and no resulting federal constitutional violation—in the Superior Court's application of the "sole basis" rule to credit Petitioner only the time he was in custody from his sentencing date in Indiana on July 11, 2022 until his arraignment in Vermont on September 9, 2022. Moreover, Petitioner does not cite any authority, and the Court has found none, holding that *Coe*'s "sole basis" rule is either inconsistent with § 7031(b)(1) or federal constitutional or statutory requirements. Vermont courts continue to apply the "sole basis" rule in

the context of sentencing credit determinations. *See, e.g.*, *Fleming-Pancione v. Menard*, 2017 VT 59, ¶¶ 21-22 (2017).

Therefore, Petitioner's "Motion Regarding Time Served Credit at Issue" (Doc. 21) and "Motion on Standard Sentencing" (Doc. 25) should be DENIED.

### Conclusion

For the reasons explained above, I recommend that Respondents' Motion to Dismiss (Doc. 31) be GRANTED and that the § 2254 Petition (Doc. 4) be DISMISSED. I further recommend that the motions for additional miscellaneous relief (Docs. 8, 10, 11, 15, 16, 18, 20, 21, 25, 30, 35) be DENIED.

Dated at Burlington, in the District of Vermont, this 1st day of July, 2026.

/s/ Kevin J. Doyle
United States Magistrate Judge


Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections that shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).