U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 JUL 28 P 12: 32

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

MALACHI BUSWELL,                      )
                                       )
                    Petitioner,        )
                                       )
          v.                           )      Case No. 2:25-cv-677
                                       )
VERMONT DEPARTMENT OF                  )
CORRECTIONS and JON MURAD,             )
Commissioner of the Vermont Department )
of Corrections,[1]                     )
                                       )
                    Respondents.       )

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING RESPONDENTS' MOTION TO DISMISS,
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND
DENYING PETITIONER'S MOTIONS FOR RELIEF**
(Docs. 4, 8, 10, 11, 15, 16, 18, 20, 21, 25, 30, 31, 35, & 36)

This matter came before the court for a review of the Magistrate Judge's July 1, 2026 Report and Recommendation ("R & R") (Doc. 36), in which the Magistrate Judge recommended that the court dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 4) filed by Petitioner Malachi Buswell challenging the computation of his time-served credit. On February 5, 2026, Respondents Vermont Department of Corrections ("DOC") and DOC Commissioner Jon Murad filed a motion to dismiss (Doc. 31) and argued that Petitioner failed to exhaust his state court remedies with respect to both his underlying criminal conviction and his state habeas corpus petitions, which also challenged his time-served credit calculation.

---

[1] On July 28, 2025, Governor Phil Scott appointed Jon Murad as the Interim Commissioner of the Vermont Department of Corrections ("DOC") after the departure of former DOC Commissioner Nicholas Deml. He was appointed Commissioner on February 26, 2026.

On July 1, 2026, the Clerk's Office for the District of Vermont mailed a copy of the R & R to Petitioner at the address for Northern State Correctional Facility in Newport, Vermont, which was Petitioner's address when he filed his petition. Objections to the R & R were due on July 20, 2026. Neither party filed objections by the deadline. On July 24, 2026, the R & R was returned to the Clerk's Office as undeliverable.

Petitioner is self-represented. Respondents are represented by Assistant Attorney General Robert C. Menzel, Jr.

A district judge must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a reports and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his fourteen-page R & R, the Magistrate Judge carefully reviewed the factual allegations, procedural history, and requests for relief set forth in Petitioner's filings and recommended, among other things, granting dismissal of Petitioner's habeas petition because Petitioner failed to "exhaust[] the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). As Petitioner's motions and claims arise out of or are related to his habeas petition, and as the court agrees that no other claims have been plausibly alleged, dismissal is warranted.

Pursuant to Local Rule 11, a "*pro se* party must notify the court of any change of address or telephone number." D. Vt. L.R. 11(c). On July 1, 2026, the R & R was filed on the court's docket and mailed to Petitioner at Northern State Correctional Facility, Petitioner's last known address provided by him. Objections to the R & R were due on July 20, 2026, but none were filed. On July 24, 2026, the mailing was returned as undeliverable. A search of DOC's offender locator tool indicates Petitioner has been transferred to Northwest State Correctional Facility ("NWSCF") in Swanton, Vermont.

2

On July 27, 2026, the Clerk's Office sent a copy of the R & R to Petitioner at NWSCF. In light of Petitioner's failure to file objections, the court DISMISSES his claims. In the event Petitioner claims that a lack of notice excuses his untimely objections, he may file a motion for reconsideration of this Order of dismissal by August 17, 2026.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 36) as the court's Opinion and Order, GRANTS Respondents' motion to dismiss (Doc. 31), and DISMISSES the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 4). The court DENIES Petitioner's remaining motions for relief. (Docs. 8, 10, 11, 15, 16, 18, 20, 21, 25, 30, & 35.)

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Petitioner a certificate of appealability in this matter because Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 28th day of July, 2026.

Christina Reiss, Chief Judge
United States District Court

3